UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4587

WILLIAM SHANNON BALDRIDGE,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-96-9)

Submitted: August 19, 1997

Decided: September 4, 1997

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Brian A. Glasser, BOWLES, RICE, MCDAVID, GRAFF & LOVE,
Charleston, West Virginia, for Appellant. Rebecca A. Betts, United
States Attorney, Miller A. Bushong, III, Assistant United States
Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury found William Shannon Baldridge guilty of conspiracy to distribute and to possess with intent to distribute anabolic steroids in violation of 21 U.S.C. § 841(a)(1) (1994), and the district court sentenced him to imprisonment for six months and supervised release for three years. Baldridge appeals his conviction and sentence. Baldridge's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising three issues but asserting that, in his view, there are no meritorious grounds for appeal. We grant Baldridge's motion to file a supplemental pro se brief, and we have considered his brief, in which he raises numerous meritless claims. Because we find the evidence sufficient to support his conviction, when construed in the light most favorable to the Government, we affirm his conviction and sentence. See United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc) (holding that "an `appellate court . . . must sustain [a] verdict if there is substantial evidence, viewed in the light most favorable to the Government, to uphold it'" (quoting Burks v. United States , 437 U.S. 1, 17 (1978))), cert. denied, 117 S. Ct. 1087 (1997).

First, Baldridge claims that his conviction was invalid either because he conspired with a government agent or because the evidence was insufficient to support it. To the extent that Baldridge challenges the jury's factual finding that he conspired with a non-government agent, we find his claim meritless. The record discloses that Baldridge supplied Raymond Fields with steroids in July 1995, and September 1995, prior to the time Fields was arrested and became a government agent. See United States v. Heater , 63 F.3d 311, 323 (4th Cir. 1995). Thus, after reviewing the evidence in the light most favorable to the Government, we find that a reasonable jury could determine that Baldridge conspired with a non-government agent. See Burgos, 94 F.3d at 862-63.

Baldridge's alternative contention that the evidence was insufficient to support the jury's verdict is also unavailing. The record is replete with evidence that Baldridge conspired to distribute anabolic steroids. See id. at 857 (holding that "[t]o prove conspiracy to possess

2

[] with intent to distribute, the Government must establish that: (1) an agreement to possess [] with intent to distribute existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of the conspiracy"). The record reveals that in July 1995, and again in September 1995, Baldridge agreed to supply Fields with steroids to sell to a third party. Thus, after reviewing the evidence in the light most favorable to the Government, we find that a rational jury could have found Baldridge guilty of conspiracy. See id. at 862-63.

Next, Baldridge alleges a variance between the indictment and the evidence produced at trial. We conclude, however, that there was no variance between the indictment, which charged conspiracy to distribute and to possess with intent to distribute anabolic steroids, and the evidence at trial which fully supported such allegations. See United States v. Kennedy, 32 F.3d 876, 883 (4th Cir. 1994), cert. denied, 513 U.S. 1128 (1995). Furthermore, we find that Baldridge failed to make the required showing that any alleged variance infringed his substantial rights and thereby resulted in actual prejudice. See id. (holding that "[a] variance constitutes a legitimate grounds for reversal only if the appellant shows that the variance infringed his"substantial rights" and thereby resulted in actual prejudice").

Baldridge filed a supplemental pro se brief realleging some of the same claims that his counsel included in the formal brief and raising additional meritless claims. To the extent that Baldridge raises ineffective assistance of counsel claims, we find that ineffective assistance does not plainly appear on the face of the record, and therefore we decline to address the claims. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991) (finding that ineffective assistance of counsel claims are generally not cognizable on direct and are more properly brought in motion pursuant to 28 U.S.C.A.§ 2255 (West 1994 & Supp. 1997)). Additionally, Baldridge alleges that a witness committed perjury and was not credible. However, we do not review witness credibility. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Finally, we conclude that Baldridge's claims that the trial judge erred in not dismissing the case and in not sua sponte directing a verdict in his favor are unavailing. We find that the district court did not err because the evidence was sufficient to sustain the conviction. See Fed. R. Crim. P. 29(a).

3

In accordance with the requirements of <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Baldridge's conviction and sentence. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4